# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2021

Lyle W. Cayce
Clerk

No. 20-40335

Michael Leeroy Shefeik, II,

*Plaintiff—Appellant*,

*versus*

Vernon Busby; Michael Krucenski,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:18-CV-112

Before Haynes, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Michael Leeroy Shefeik sued two Goliad County sheriff's deputies, Vernon Busby and Michael Krucenski, for excessive force under 42 U.S.C. § 1983. Following a lengthy car chase and brief foot pursuit, Shefeik claims he surrendered to the deputies but they nevertheless beat him in the face with a flashlight, causing severe injuries. The district court granted the deputies

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40335

summary judgment based on qualified immunity, concluding a dashcam video "substantially contradicted" Shefeik's testimony. That conclusion was error. The video does not show what happened when the deputies caught Shefeik and so could not have "contradicted" Shefeik's account. We vacate and remand for further proceedings.

A police dashcam video from the early morning hours of December 27, 2016, shows the deputies stopping Shefeik, running a background check, and asking him to exit his vehicle. Shefeik refuses and drives away. After a nearly twenty-minute chase, Shefeik pulls off the road, gets out, and runs away into the dark woods. At that point, Shefeik is no longer visible in the video. For several minutes, the viewer can see only Shefeik's truck and trailer, bathed in flashing red and blue lights, and can hear only garbled yelling and cursing over the blare of a siren. The deputies eventually bring Shefeik back to the cruiser, his face bloodied.

During the minutes not captured on video, Shefeik claims, in a sworn declaration, that he surrendered to the deputies but that they used force to apprehend him anyway, striking him repeatedly in the face with a flashlight and "stomp[ing]" on his forehead. Shefeik states that he suffered multiple orbital fractures, a broken nose, and a chipped tooth and that he "now ha[s] a permanent metal plate in [his] face." The record does not contain medical records confirming or corroborating the nature and extent of Shefeik's injuries. The deputies do not, however, dispute that he was injured during the encounter. In any event, the record supports Shefeik's contention that he was transported to the hospital by ambulance, and photographs of him in the aftermath of the incident—which are labeled DeTar Hospital and identify him as a patient—show readily apparent facial injuries. But the deputies do contest Shefeik's account of the arrest, asserting they used reasonable, escalating force in response to Shefeik's resistance, specifically his refusal to present his hands and lack of submission to being handcuffed.

No. 20-40335

Shefeik sued the deputies under § 1983 for using unconstitutionally excessive force to arrest him. The deputies moved for summary judgment, asserting qualified immunity. The district court granted summary judgment. Relying heavily on the dashcam footage, the court held that the video "substantially contradict[ed]" Shefeik's account and showed he "resisted being cuffed." In light of that, the court could "not say that the actions of the [deputies] were not necessary for apprehension and did not correspond with the plaintiff's escalating physical resistance." Shefeik timely appealed.

We agree with Shefeik that the dashcam footage does not justify discounting Shefeik's version of his arrest for summary judgment purposes. It is true that, on summary judgment, a court need not credit a plaintiff's version of events if it is "blatantly contradicted" or "utterly discredited" by a video such "that no reasonable jury could have believed him." *Poole v. City of Shreveport*, 691 F.3d 624, 631 (5th Cir. 2012) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). That principle does not apply here, however. Far from "contradicting" or "discrediting" Shefeik's version of the arrest, the video does not even depict the crucial moments when the deputies seized and allegedly beat Shefeik. *Cf. Curran v. Aleshire*, 800 F.3d 656, 664 (5th Cir. 2015) (declining to rely on video evidence that did "not resolve the parties' dispute"); *Poole*, 691 F.3d at 629 ("[I]n addressing the officers' claims of qualified immunity, our focus is necessarily on the force used during his arrest."). We are therefore left with Shefeik's declaration, which describes the deputies severely beating him in the face after he surrendered and was partially handcuffed. That evidence, which we must view in Shefeik's favor, creates a

material fact dispute as to whether the deputies[1] used excessive force to subdue Shefeik. *See, e.g.*, *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020) ("While a suspect's refusal to comply with instructions may indicate that physical force is justified, officers must also select the appropriate *degree* of force." (quoting *Deville v. Marcantel*, 567 F.3d 156, 167–68 (5th Cir. 2009)) (cleaned up)).[2]

We therefore VACATE the summary judgment and REMAND for further proceedings consistent with this opinion.

---

[1] We consider qualified immunity as to each defendant individually. *See Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). Shefeik's declaration contains allegations of excessive force implicating both Busby and Krucenski. While the deputies dispute Shefeik's account, viewed in the light most favorable to Shefeik, the declaration creates a genuine dispute of material fact regarding the propriety of the force employed by each deputy and therefore precludes summary judgment as to both.

[2] Summary judgment in a qualified immunity case may still be warranted if the plaintiff's version of events "does not implicate clearly established law." *Johnston v. City of Houston*, 14 F.3d 1056, 1061 (5th Cir. 1994). That is not the case here. Shefeik claims to have surrendered before the deputies cuffed him and began beating him with a flashlight, and he further claims they continued applying force despite his lack of resistance. Our precedent clearly establishes that "once a suspect has been handcuffed and subdued, and is no longer resisting, an officer's subsequent use of force is excessive." *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015); *see also Darden v. City of Fort Worth*, 880 F.3d 722, 731–32 (5th Cir. 2018).